UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUIS SARCENO, *et al.*, | |
| Plaintiffs, | Civil Action No. 13-1271(BAH) |
| v. | Judge Beryl A. Howell |
| KWAN S. CHOI, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

Pending before the Court are joint motions to approve settlement agreements in this Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, suit between the plaintiffs, Luis Sarceno, Rudy Godoy, Miguel Iraheta, Omar Vasquez, and Eber Flores (collectively, "the plaintiffs"), and the defendants, Byung Choi, Pyoung Choi, Kwan Choi, and Hwan Eun (collectively, "the defendants").[1]  Joint Motion to Approve Settlement Agreement (the "Choi and Choi Mot."), ECF No. 37; Joint Motion to Approve Settlement Agreement (the "Choi and Eun Mot."), ECF No. 38.  For the reasons stated below, the motions are granted in part.

I.      BACKGROUND

The underlying facts in this matter are fully set out in a prior Memorandum Opinion denying the defendants' motions for summary judgment and will not be repeated in detail here. *See Sarceno v. Choi*, No. 13-1271, 2014 WL 4380680, at *2–5 (D.D.C. Sept. 5, 2014).  Briefly, the plaintiffs were all employees at the defendants' supermarket between 2004 and 2012.  Choi and Choi Mot. ¶ 2; Choi and Eun Mot. ¶ 2.  During that time period, the plaintiffs allege that

---

[1] One joint motion seeks approval of a settlement between the plaintiffs and Defendants Byung Choi and Pyoung Choi, ECF No. 37, while the other seeks approval of a settlement between the plaintiffs and Defendants Kwan Choi and Hwan Eun, ECF No. 38.

1

they were not paid for all of the hours they worked and were not paid overtime for the hours they worked that exceeded forty hours in a week. Choi and Choi Mot. ¶ 3; Choi and Eun Mot. ¶ 3. The defendants contest the plaintiffs' allegations, stating that the plaintiffs have been paid all wages due. Choi and Choi Mot. ¶ 4; Choi and Eun Mot. ¶ 4.

The plaintiffs filed suit on August 20, 2013, Compl. at 1, ECF No. 1, and the parties subsequently engaged in settlement discussions supervised by a Magistrate Judge, Minute Order, Dec. 5, 2013. The parties were unable to reach agreement and the defendants filed motions for dismissal on the grounds that the plaintiffs' claims were barred by purported settlement agreements, which had been executed by the plaintiffs before the initiation of the pending action and before the plaintiffs had obtained the assistance of counsel.[2] *Sarceno*, 2014 WL 4380680, at *6. This Court denied the defendants' motions and held that the purported settlement agreements were unenforceable at a hearing on August 6, 2014. *Id.*

Following the denial of the summary judgment motions, the parties engaged in further settlement negotiations, conducted through counsel, while simultaneously engaging in discovery and motions practice. Choi and Choi Mot. ¶¶ 26–27; Choi and Eun Mot. ¶¶ 26–27. These negotiations resulted in the two settlement agreements for which the parties now seek the Court's imprimatur.

The two motions and the settlement agreements to which the motions refer are identical in all material respects, except for the defendants involved and the amounts paid to the individual plaintiffs. *See generally* Choi and Choi Mot.; Choi and Eun Mot. Specifically, one proposed settlement agreement is between the plaintiffs and Defendants Byung Choi and Pyoung Choi and the other proposed settlement agreement is between the plaintiffs and Defendants Kwan Choi

---

[2] Defendants Byung Choi and Pyoung Choi filed a Motion to Dismiss, ECF No. 15, which was converted with the consent of the parties to a Motion for Summary Judgment, *Sarceno*, 2014 WL 4380680, at *5; *id.* at *5 n.3.

and Hwan Eun.  Under the agreements, Plaintiff Sarceno would receive a total of $13,781.25, comprised of $2,880.00 from Byung Choi and Pyoung Choi and $10,901.25 from Kwan Choi and Hwan Eun; Plaintiff Godoy would receive a total of $19,293.75, comprised of $4,032 from Byung Choi and Pyoung Choi and $15,261.75 from Kwan Choi and Hwan Eun; Plaintiff Iraheta would receive a total of $21,131.25, comprised of $4,416.00 from Byung Choi and Pyoung Choi and $16,715.25 from Kwan Choi and Hwan Eun; Plaintiff Vasquez would receive a total of $16537.50, comprised of $3,456.00 from Byung Choi and Pyoung Choi and $13,081.50 from Kwan Choi and Hwan Eun; and Plaintiff Flores would receive a total of $21,131.25, comprised of $4,416.00 from Byung Choi and Pyoung Choi and $16,715.25 from Kwan Choi and Hwan Eun.  Choi and Choi Mot. ¶¶ 13–17; Choi and Eun Mot. ¶¶ 13–17.  The parties stipulate that these amounts, which include liquidated and actual damages, "represent[] a compromise amount, negotiated by the Parties' counsel." *Id.*  In aggregate, Defendants Byung Choi and Pyoung Choi will pay the plaintiffs $19,200.00, Choi and Choi Mot. ¶ 10, while Defendants Kwan Choi and Hwan Eun will pay the plaintiffs $72,675.00, Choi and Eun Mot. ¶ 10.

The proposed settlement agreements provide for the plaintiffs' attorneys to receive, in the aggregate, $62,800.00, with Defendants Byung Choi and Pyoung Choi contributing $12,800.00, Choi and Choi Mot. ¶ 18, and Defendants Kwan Choi and Hwan Eun contributing $50,000.00, Choi and Eun Mot. ¶ 18.  The plaintiffs aver that they have incurred $176,000.00 in attorneys' fees while litigating this matter, making the settlement equal to approximately thirty-six percent of the reasonable attorneys' fees and costs incurred by the plaintiffs.  *See* Choi and Choi Mot. ¶ 18; Choi and Eun Mot. ¶ 18.

The proposed settlement agreements release the defendants "from any and all liabilities, claims, debts, demands, rights of action or causes of action at law or in equity [that] Plaintiffs

3

had, have or may have . . . including, but not limited to, any claims or demands based upon or relating to Plaintiffs' employment." Choi and Choi Mot. Ex. 1 (Settlement Agreement between the plaintiffs and Defendants Byung Choi and Pyoung Choi (the "Choi and Choi Agreement")) ¶ 4, ECF No. 37-1; Choi and Eun Mot. Ex. 1 (Settlement Agreement between the plaintiffs and Defendants Kwan Choi and Hwan Eun (the "Choi and Eun Agreement")) ¶ 5, ECF No. 38-1. The plaintiffs retain the right to exercise "any rights . . . that Plaintiffs may not waive as a matter of law." Choi and Choi Agreement ¶ 4; Choi and Eun Agreement ¶ 5. The defendants release the plaintiffs from "any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses, compensation and any consequential damages of any kind whatsoever which they have and/or may have arising up to and including the date of execution of [the Settlement Agreements], including, without limitation, any claims or causes of action." Choi and Choi Agreement ¶ 5; Choi and Eun Agreement ¶ 6.

Also included in the agreements is a "non-disparagement" provision, under which the parties "shall not disparage, defame or make any negative or derogatory statements respecting [the opposing party] to anyone, whether verbally or in writing." Choi and Choi Agreement ¶ 7; Choi and Eun Agreement ¶ 8.

## II. LEGAL STANDARD

The D.C. Circuit has not opined about whether judicial approval is required of FLSA settlements reached after a FLSA suit has been filed or the related issue of whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement. Another Judge in this District, citing Supreme Court precedent and the decisions of other Circuits, noted that "[i]t is a long-held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by

agreeing on sub-minimum wages." *Beard v. Dist. of Columbia Hous. Auth.*, 584 F. Supp. 2d 139, 143 (D.D.C. 2008) (citing *D.A. Schulte, Inc. v. Gangi* (*Gangi*)), 328 U.S. 108, 116 (1946); *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded on other grounds*, *Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312 (4th Cir. 2011); *Lynn's Food Stores, Inc. v. United States* (*Lynn's Food*), 679 F.2d 1350, 1354 (11th Cir. 1982)).

No binding caselaw in this Circuit requires a district court to assess proposed FLSA settlements *ex ante*. Declining to do so, however, leaves the parties in an uncertain position. If the parties privately settle FLSA claims and seek dismissal of the suit by filing a Rule 41 motion, the private settlement may be held unenforceable if the employer attempts to enforce the employees' waiver of claims per the settlement at a later date. *Cf. Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 256–57 (5th Cir. 2012) (enforcing private settlement agreement entered into without judicial consent where court determined that a bona fide dispute had existed when settlement was entered). Indeed, in this action, the parties purported to enter into settlement agreements without judicial approval, which this Court found to be unenforceable, since, *inter alia*, (1) the purported agreements were executed under circumstances raising significant question about whether "the plaintiffs knowingly, intelligently, and voluntarily" waived their FLSA rights and whether "a bona fide dispute existed when the Settlement Agreements were signed," *Sarceno*, 2014 WL 4380680, at *11; and (2) both the circumstances surrounding the execution of the agreements, as well as their terms, demonstrated that the purported agreements were not the product of arm's length negotiations and instead reflected an overreach by the employers, *id*. at *12–16. "[U]ntil some court determines that there was a bona fide dispute as to how much plaintiff was owed in wages, and that the offer of judgment fairly

compromises it, the employer has not eliminated its risk" of future litigation exposure, and could ultimately find its "settlement" to be ephemeral. *Picerni v. Bilingual Seit & Presch., Inc.*, 925 F. Supp. 2d 368, 372 (E.D.N.Y. 2013).

## III. DISCUSSION

At the outset, the Court must find that the proposed settlement resolves a bona fide dispute. *See Velez v. Audio Excellence, Inc.*, No. 10-CV-1448-ORL-22, 2011 WL 4460110, at *1 (M.D. Fla. Sept. 21, 2011) (noting courts must first consider whether a proposed FLSA settlement "is 'a fair and reasonable resolution of a bona fide dispute.'" (quoting *Lynn's Food*, 679 F.2d at 1354–55)), *report and recommendation adopted by* 10-CV-1448-ORL-22, 2011 WL 4460104, at *1 (M.D. Fla. Sept. 26, 2011). A settlement is bona fide if it "reflects a reasonable compromise over issues that are actually in dispute," *id.*, since merely waiving a right to wages owed is disallowed under *Gangi*, 328 U.S. at 115, and *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

In the instant matter, the parties agree that a substantial difference exists between the number of hours the plaintiffs claim to have worked and the number of hours the defendants' records show the plaintiffs to have worked, resulting in a concomitant difference in the wages the plaintiffs claim they are owed. Choi and Choi Mot. ¶¶ 5, 8–9; Choi and Eun. Mot. ¶¶ 5; 8–9. The parties disagree about the accuracy of the defendants' records and a factfinder would have to determine whether and to what extent those records are reliable. *See id.* Consequently, the most fundamental question in any FLSA action, namely, the amount of wages owed the plaintiff, is contested, rendering the settlement agreements a compromise over a bona fide dispute.

Once a bona fide dispute has been established, the court must consider "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

statutory rights brought about by an employer's overreaching." *Carrillo v. Dandan Inc.*, No. 13-671, 2014 WL 2890309, at *6 (D.D.C. June 26, 2014) (quoting *Lliguichuzhca v. Cinema 60, L.L.C.*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)); *see also Sarceno*, 2014 WL 4380680, at *12. This approach takes account of "the totality of circumstances" to determine whether an FLSA settlement is fair, reasonable, and adequate, rather than merely a waiver of rights. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Under this approach, the focus is on the fairness of the process used by the parties to reach settlement and the practical ramifications of the settlement. Specifically, the court must consider whether the proposed settlement (1) was the product of "overreaching" by the employer; (2) whether the settlement was "the product of negotiation between represented parties following . . . [a]rm's length bargaining[;]" and (3) whether there exist serious impediments to the collection of a judgment by the plaintiffs. *Carrillo*, 2014 WL 2890309, at *6 (internal quotations omitted).

In making this evaluation, a "[c]ourt should be mindful of the strong presumption in favor of finding a settlement fair." *Velez*, 2011 WL 4460110, at *1. Indeed, courts must be aware that "after all, settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995); *see also Crabtree v. Volkert, Inc.*, No. 11-529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)) (internal quotation marks omitted)).

Applied to the instant settlement, the Court is satisfied that the two settlement agreements represent a fair and reasonable compromise between the parties. As to the first element, whether

the settlement is a result of employer "overreaching," the parties have not provided an estimate as to the total amount of money the plaintiffs claim to be owed, making an evaluation of where the settlement amount falls between the plaintiffs' position and the defendants' impossible. *Cf. Carrillo*, 2014 WL 2890309, at *7 (discussing $22,000 gap between plaintiffs' asserted claim for wages owed and defendants' belief as to maximum exposure). Nevertheless, keeping in mind the "presumption in favor of finding a settlement fair," *Velez*, 2011 WL 4460110, at *1, the Court is reluctant to reject the appraisal of the parties' counsel that the amounts agreed upon are a reasonable compromise, given the counsel's extensive experience in pursuing and defending FLSA actions generally and familiarity with the underlying facts in this case, Choi and Choi Mot. ¶¶ 25–26; Choi and Eun Mot. ¶¶ 25–26.[3]

The second element, whether the agreement is a result of arm's length negotiation, is met easily. The parties engaged in "14 months" of negotiations, during which time the parties were represented by competent counsel. Choi and Choi Mot. ¶ 26; Choi and Eun Mot. ¶ 26. Some of these negotiations were supervised by a Magistrate Judge, which further bolsters the arm's length nature of the negotiations. *See* Choi and Choi Mot. ¶ 27; Choi and Eun Mot. ¶ 27.

As for the third element, accounting for the difficulty of collecting any judgment, the plaintiffs aver that the settlement amounts "account[] for the difficulty for Plaintiffs in obtaining and collecting upon a judgment and the substantial risks inherent in the litigation of a wage and hour dispute." Choi and Choi Mot. ¶ 29; Choi and Eun Mot. ¶ 29. Given the substantial dispute over the accuracy of the records that would be central to any resolution of this matter at trial, the Court is satisfied that the settlement appropriately considers the potential benefits and pitfalls of proceeding to trial.

---

[3] The Court also notes that the agreed upon wage amounts are in addition to those amounts already paid to the plaintiffs pursuant to the pre-litigation agreements, which the Court found unenforceable.

Additionally, the plaintiffs aver that they have had ample time to discuss this agreement with counsel. Choi and Choi Mot. ¶ 19; Choi and Eun Mot. ¶ 19. The negotiated attorneys' fees represent less than half of the total recovery and less than forty percent of the costs incurred. *See Carrillo*, 2014 WL 2890309, at *7 (approving settlement agreement where attorneys' fees accounted for slightly more than fifty percent of total recovery).

As for the mutual non-disparagement clause, Choi and Choi Agreement ¶ 7; Choi and Eun Agreement ¶ 8, and the broad mutual releases of liability, Choi and Choi Agreement ¶¶ 4–5; Choi and Eun Agreement ¶¶ 5–6, the Court need not opine "as to the enforceability of those terms," since its "review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims," *Carrillo*, 2014 WL 2890309, at *8. With that limitation on its review and approval, the Court finds that the proposed settlement agreements do not represent a waiver of rights in violation of the FLSA.

## IV.   CONCLUSION

For the reasons stated above, the parties' Joint Motions to Approve Settlement Agreements, ECF Nos. 37 and 38, are granted in part, and the settlement agreements are approved with the aforementioned limitation. An appropriate Order accompanies this memorandum opinion.

Date: January 29, 2015

_____
BERYL A. HOWELL
United States District Judge